**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000667
29-DEC-2020
07:49 AM
Dkt. 54 SO**

NO. CAAP-17-0000667

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOHN Y. SUZUKI AND LOLA L. SUZUKI,
Plaintiffs-Appellants,
v.
JOHN MOWRY dba TOWN & COUNTRY BUILDERS, LLC,
Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC17-1-3158)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

This appeal arises out of a contract between Plaintiffs-Appellants John Y. Suzuki and Lola L. Suzuki (**collectively, the Suzukis**) and Defendant-Appellant John Mowry dba Town & Country Builders, LLC (**T&C Builders**) for renovation work to the Suzukis' home.  The Suzukis, self-represented, appeal from the August 23, 2017 "Order Granting Defendant's Motion to Compel Arbitration" (**Order Granting Motion to Compel Arbitration**) entered in the District Court of the First Circuit (**district court**).[1]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we affirm.

---

[1]  The Honorable Michael K. Tanigawa presided.

## I.  Background

In 2015, the Suzukis applied to the Rehabilitation Loan Program (**Loan Program**) administered by the Department of Community Services of the City and County of Honolulu (**DCS**).[2] The Suzukis' application was approved and the Suzukis ultimately selected T&C Builders as their general contractor.  On or about December 14, 2015, the Suzukis signed and accepted T&C Builders' construction proposal dated November 20, 2015 (**Proposal**).  On May 6, 2016, the Suzukis executed a DCS form contract (**DCS Contract**) with T&C Builders that consisted of a one-page "Construction Contract" and a six-page document titled "General Conditions of the Contract."  Attached to the Construction Contract as "Exhibit A" was a progress payment schedule.  The Construction Contract also incorporated by reference the Proposal through a provision that read: "The Contract shall consist of this Construction Contract and the following documents: Bid and/or Proposal, Work Write-Up, General Conditions of the Contract, Specifications, and Plans and/or Drawings, if any."

On July 11, 2016, the Suzukis executed another construction contract (**July 11, 2016 Contract**) submitted by T&C Builders that contained a lien provision and other disclosures required under HRS § 444-25.5 (2013) as well as additional terms and conditions.[3]  T&C Builders asserts that the purpose of the July 11, 2016 Contract was to supplement the DCS Contract and comply with HRS § 444-25.5.  Notably, the July 11, 2016 Contract contained the following arbitration provision:

> 35.   Disputes: Disputes as to removal or replacement of work and as to damages for alleged defective materials or workmanship or deviations from the plans and specifications, etc., and as to alleged extras, and other disputes arising out of the contract, plans or specifications, shall be decided by a third party selected by both the CONTRACTOR and the OWNER, or if

---

[2]   The Loan Program uses federal funds to make low-interest loans to eligible homeowners who wish to make repairs or improvements to their homes.

[3]   This contract document was dated May 6, 2016, but the Suzukis signed it on July 11, 2016.

they cannot agree, then by three disinterested arbitrators, one selected by the OWNER, one by the CONTRACTOR, and the two thus chosen, all expenses incidental thereto to be shared equally between the CONTRACTOR and the OWNER.  The arbitrator or arbitrators shall have full power to inquire into and determine all claims advanced by either party his or her award shall be final and binding with no further appeal to either party.

After T&C Builders began working on the renovations to the Suzukis' home, several disputes arose regarding the work done by T&C Builders.  Due to the ongoing disputes, T&C Builders was unable to complete the project and terminated the contract by letter through counsel to the Suzukis dated March 20, 2017.

On May 8, 2017, the Suzukis filed a Complaint for Assumpsit-Money Owed against T&C Builders for $20,000, alleging poor workmanship, deviation from plans, and other deficiencies.

On July 14, 2017, T&C Builders filed a Motion to Compel Arbitration based on the arbitration provision in the July 11, 2016 Contract.  The district court granted the motion.

On August 14, 2017, the Suzukis filed a motion for reconsideration of the Order Granting Motion to Compel Arbitration.  On September 12, 2017, the district court denied the motion for reconsideration without a hearing.

On September 15, 2017, the Suzukis timely filed a Notice of Appeal.

## II.  Discussion

A motion to compel arbitration is reviewed de novo and based on the same standard that applies to a summary judgment ruling.  See Koolau Radiology, Inc. v. Queen's Med. Ctr., 73 Hawaiʻi 433, 439-40, 834 P.2d 1294, 1298 (1992) ("[ W]e review this [motion to compel arbitration] de novo, using the same standard employed by the trial court and based upon the same evidentiary materials as were before it in determination of the motion.") (citations, internal quotation marks, and alterations omitted)).

"When presented with a motion to compel arbitration, the court is limited to answering two questions: 1) whether an

arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement."  Siopes v. Kaiser Found. Health Plan, Inc., 130 Hawaiʻi 437, 446, 312 P.3d 869, 878 (2013) (internal quotation marks omitted) (quoting Douglass v. Pflueger Haw., Inc., 110 Hawaiʻi 520, 530, 135 P.3d 129, 139 (2006)).  In this case, the Suzukis challenge both the existence of an arbitration agreement and whether their underlying claims are arbitrable.

It is well-established that "[t]he party seeking to compel arbitration carries the initial burden of establishing that an arbitration agreement exists between the parties."  Id. (citation omitted).  If the initial burden is met, the burden then shifts to the opposing party to "present evidence on its defenses to the arbitration agreement."  Id. (citation omitted). "[I]n order to be valid and enforceable, an arbitration agreement must have the following three elements: (1) it must be in writing; (2) it must be unambiguous as to the intent to submit disputes or controversies to arbitration; and (3) there must be bilateral consideration."  Id. at 447, 312 P.3d at 879 (quoting Douglass, 110 Hawaiʻi at 531, 135 P.3d at 140).

On appeal, the Suzukis do not dispute that the arbitration provision is in writing or that it is supported by bilateral consideration.  The Suzukis' main challenge seems to be regarding the second element of an enforceable arbitration agreement, that is, the Suzukis argue they did not assent to the entire July 11, 2016 Contract and that the contract was therefore void because they executed it under pressure of time and based on misrepresentations by John Mowry (**Mowry**), the owner of T&C Builders, regarding its contents.  The Suzukis argue that they were not afforded a reasonable opportunity to read the July 11, 2016 Contract for themselves as Mowry told them it had to be signed when he was there.  According to the Suzukis, they did not understand what they were signing but Mowry convinced them to sign the contract by telling them it was primarily for the lien provision but that it was otherwise like the DCS Contract.  The

Suzukis also assert, without supporting evidence in the record, that they have medical conditions that affect their ability to read and understand complicated terms, that Mowry was aware of their conditions but did not fully explain the terms of the July 11, 2016 Contract, and that they would not have signed the July 11, 2016 Contract if they had known the details of the various provisions, including the arbitration provision.

The arguments the Suzukis made before the district court fall short of the arguments they now make on appeal.  The Suzukis only raised a challenge as to the lien provision of the July 11, 2016 Contract.  They did not argue below that they did not read or understand the entirety of the July 11, 2016 Contract or that they were unaware of the arbitration provision.  The district court therefore did not have the opportunity to address these arguments and they must be deemed waived.  See Cty. of Hawaiʻi v. C&J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008).

The Suzukis' primary contention below was that no contractual relationship existed between the Suzukis and T&C Builders or that any contractual relationship was invalidated by fraudulent inducement.  To that extent, the arbitration provision may still be enforced even if all or part of the contract in which it appeared was unenforceable.  Lee v. Heftel, 81 Hawaiʻi 1, 4, 911 P.2d 721, 724 (1996) ("[A]rbitration clauses are separable from the contracts in which they are embedded, and where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud.") (citation omitted)).

We must review the Motion to Compel Arbitration based upon the same evidentiary materials as were before the district court.  Koolau Radiology, Inc., 73 Hawaiʻi at 440, 834 P.2d at 1298.  In doing so, we conclude that T&C Builders met its initial burden of proving that the Suzukis assented to be bound by the arbitration provision as evidenced by the signatures on the July

11, 2016 Contract.  The first set of signatures indicated acceptance of the terms and conditions of the agreement, which included the arbitration provision.  The second set of signatures was on the very page that the arbitration provision was located.  Of significance, the handwritten note made by the Suzukis on the provision immediately preceding the arbitration provision indicates that they did, in fact, have the opportunity to review the terms.

Since T&C Builders satisfied its initial burden, the burden then shifted to the Suzukis to present evidence of any defenses.  The Suzukis failed to provide such evidence to the district court.

We now address whether the dispute in this matter falls under the scope of the arbitration provision.  The provision, by its terms, suggests a broad scope in its mandate of arbitration for disputes arising out of "the contract, plans or specifications[.]"  The July 11, 2016 Contract does not contain a definition of the phrase, "the contract, plans or specifications" or any of the individual terms within the phrase.  However, the July 11, 2016 Contract provided that the scope of work under the contract included the work outlined in the Proposal, and that the terms and conditions of the DCS Contract were applicable.  The Suzukis' complaint alleged poor workmanship, deviation from plans, and other deficiencies.  These claims arose directly from the work done by T&C Builders pursuant to the contracts, in particular, the Proposal.  Thus, the underlying dispute in this matter, as set forth in the Suzukis' complaint, raises issues within the scope of the arbitration provision.

Lastly, the district court did not abuse its discretion in denying the Suzukis' motion for reconsideration of the Order Granting Motion to Compel Arbitration.  The evidence and arguments that the Suzukis proffered in support of the motion for reconsideration could and should have been submitted in support

of their opposition to the motion to compel arbitration. <u>See</u>
<u>Kamaka v. Goodsill Anderson Quinn & Stifel</u>, 117 Hawaiʻi 92, 104,
176 P.3d 91, 103 (2008).

### III. Conclusion

Based on the foregoing, we affirm the August 23, 2017
Order Granting Motion to Compel Arbitration.

DATED: Honolulu, Hawaiʻi, December 29, 2020.


On the briefs:                      /s/ Lisa M. Ginoza
                                    Chief Judge
John Y Suzuki and
Lola L. Suzuki,                     /s/ Katherine G. Leonard
Plaintiffs-Appellants pro se.       Associate Judge

Karin L. Holma,                     /s/ Keith K. Hiraoka
Georgia Anton,                      Associate Judge
for Defendant-Appellee.